### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **MEGAN KELLEY,** § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| vs. § | **CIVIL ACTION NO.** 4:21-cv-818 | |
| § | | |
| **ATRIUM HOSPITALITY LP,** § | | |
| § | | |
| Defendant. § | **[JURY TRIAL DEMANDED]** | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Megan Kelley, Plaintiff, complains of Atrium Hospitality LP, Defendant, and for cause of action against it, would show unto the Court as follows:

#### 1. INTRODUCTION

1.1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

1.2. This action seeks equitable relief, compensatory and punitive damages, liquidated damages, attorneys' fees, expert witness fees, taxable court costs, and pre-judgment and post-judgment interest. Plaintiff alleges that she was terminated from her position of employment with Defendant in violation of the Family and Medical Leave Act of 1993 ("FMLA").

#### 2. PARTIES

2.1. Plaintiff Megan Kelley (herein "Kelley" or "Plaintiff") is a citizen of the United States and a resident of McKinney, Texas. At all pertinent times, she was a resident of the Eastern District of Texas, Sherman Division.

2.2. Defendant Atrium Hospitality LP (herein "Atrium" or "Defendant") is a Delaware limited partnership authorized to do and doing business in the State of Texas. Kelly performed work at and on behalf of Defendant at its property located in Allen, Texas. Defendant may be served with process by and through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218, or wherever the registered agent may be found.

## 3. VENUE

3.1. Venue is appropriate in the United States District Court for the Eastern District of Texas, Sherman Division, insofar as Defendant has significant contacts within this District, Kelley resides within this district, and the events that gave rise to the cause of action set forth herein occurred in this District.

## 4. JURISDICTION

4.1. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because it arises under the laws of the United States. Specifically, the jurisdiction of this Court is invoked pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq*. The unlawful employment practices were committed within the jurisdiction of this Court.

## 5. FACTS

5.1. Kelley was employed by Defendant and its predecessor, Courtyard by Marriott Dallas Allen, at the Allen Event Center ("Allen Property"), in Allen, Texas, beginning in October 2012 until she was terminated on or about October 16, 2019.

5.2. Kelley's last position before her termination was as a bartender.

5.3. On or about May 26, 2019, Kelley sustained a back injury (which was not sustained in the course of her employment with Defendant), which required that she take medical leave under the Family and Medical Leave Act ("FMLA"). Kelley was released to return to work on or about June 8, 2019. Upon her return to work, Kelley was informed that Defendant had hired a new bartender at the Allen Property, Kyndall Perry ("Perry"), and Kelley was charged with training Perry. Soon thereafter, Defendant cut Kelley's hours and gave those hours—and Kelley's regular Monday-to-Wednesday schedule—to Perry, which resulted in a decrease in Kelley's earnings.

5.4. In or about mid-July 2019, Kelley informed Erica Falconer ("Falconer"), a Human Resources representative for Defendant at the Allen Property, that Kelley and her fiancée were expecting a child in January 2020. Kelley inquired of Falconer as to whether she was qualified to take FMLA leave in connection with the birth of the baby. Falconer indicated that Kelley indeed qualified to take FMLA leave, and that the necessary paperwork could be filled out "when the time comes." Other members of management at the Allen Property, including, but not limited to, General Manager Nigel Cossey, Assistant General Manager Shane Martin, and Executive Chef Kris Spriestersbach ("Spriestersbach"), were also aware that Kelley intended to take intermittent FMLA leave once the baby was born.

5.5. In or about early September 2019, Kelley complained to Spriestersbach, her immediate supervisor, about her reduced work schedule. In response, Spriestersbach asked, "What's going to happen when you go on FMLA? We don't have another bartender; you don't want to work here." Kelley was completely taken aback by Spriestersbach's comments, and she set the record straight by communicating that she had been a loyal employee and absolutely wanted to continue to work at the Allen Property. In response, Spriestersbach

simply informed Kelley that she needed to prove to him that she wanted her hours back. Kelley felt as though Defendant were making things difficult for her so that she would resign her employment.

5.6. Shortly thereafter, on October 16, 2019, Defendant terminated Kelley's employment, citing an alleged cash drop shortage of $41.51 the night of October 10, 2019, as well as an alleged replenishment by Kelley of $41 to the cash drawer at the beginning of her shift on October 11, 2019. Although camera footage was apparently reviewed as part of an investigation performed by members of management at the Allen Property, that footage did not show Kelley adding any money to the drawer. Nevertheless, Defendant terminated Kelley's employment. It did not, however, terminate the employment of any other employees of the Allen Property who had also come into contact with the cash drawer and were also responsible for counting it. Upon information and belief, those other employees had neither requested nor taken FMLA leave.

5.7. Notwithstanding Defendant's purported reasons for terminating Kelley, the facts reflect that Defendant cut Kelley's work hours (and, therefore, her compensation) and changed her work schedule immediately upon her return from federally protected leave under the FMLA on or about June 8, 2019; members of management of the Allen Property were aware that Kelley intended to take additional FMLA leave beginning in January 2020; Kelley's immediate supervisor, Spriestersbach, made negative comments related to Kelley's upcoming FMLA leave; and Defendant terminated Kelley's employment—but no other employee's—based upon an investigation that failed to confirm any wrongdoing by Kelley. For these reasons, Kelley possesses two (2) distinct FMLA retaliation claims against Defendant.

## 6. CAUSE OF ACTION: VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993

6.1. Kelly incorporates by reference all preceding facts as set forth in Paragraphs 5.1 through 5.7.

6.2. Kelley was terminated in retaliation for taking federally protected leave for her own serious health condition under the FMLA, 29 U.S.C. § 2601 *et seq*. Kelly was also terminated in retaliation for requesting federally protected intermittent leave in connection with the impending birth of her child under the FMLA, 29 U.S.C. § 2601, *et seq*. It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA. In addition, it is unlawful for any employer to discharge or discriminate against any individual for seeking FMLA.

## 7. DAMAGES

7.1. As a result of Defendant's intentional, discriminatory, and unconstitutional acts described above, Kelley has suffered and continues to suffer mental anguish, humiliation, and emotional distress, all to her detriment and compensable at law.

7.2. Kelley sues for actual and compensatory damages in an amount in excess of the minimal jurisdictional limits of this Court.

7.3. The wrongful conduct of Defendant is evidenced by a consciously indifferent attitude towards employees' rights under the FMLA. As a result of this conduct, liquidated damages should be assessed against Defendant so as to deter this type of conduct in the future.

## 8. ATTORNEYS' FEES

8.1. Defendant's action and conduct as described herein and the resulting damage and loss to Kelley has necessitated Kelley retaining the services of Kilgore & Kilgore PLLC, 3109

5

Carlisle Street, Dallas, Texas 75204, in initiating this proceeding.  Kelley seeks recovery of reasonable and necessary attorneys' fees.

## 9. JURY DEMAND

9.1. Kelley requests a trial by jury in issues triable by a jury in this case.

## 10. PRAYER

10.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff Megan Kelley respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause Kelley has the following relief:

10.1.1. Judgment against Defendant for actual damages sustained by Kelley as alleged herein;

10.1.2. Grant Kelley general damages for Defendant's violations of the FMLA;

10.1.3. Pre-judgment interest at the highest legal rate;

10.1.4. Post-judgment interest at the highest legal rate until paid;

10.1.5. Damages for mental pain and mental anguish;

10.1.6. Exemplary damages;

10.1.7. Liquidated damages;

10.1.8. Attorneys' fees;

10.1.9. All costs of court;

10.1.10. Reinstatement; and

10.1.11. Such other and further relief, at law or in equity, general or special, to which Kelley may show she is justly entitled.

Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By: */s/ Daryl J. Sinkule*
DARYL J. SINKULE
State Bar No. 24037502
Kilgore Law Center
3109 Carlisle Street
Dallas, Texas 75204-1194
Telephone: (214) 969-9099
Facsimile: (214) 379-0843

**ATTORNEYS FOR PLAINTIFF
MEGAN KELLEY**